IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANNIA BARONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-96-J |
| | ) |
| NANCY A. BERRYHILL, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 25th day of July, 2018, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 13), filed in the above-captioned matter on October 23, 2017,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 11), filed in the above-captioned matter on September 20, 2017,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.     Background**

On September 8, 2014, Plaintiff Jannia Barone protectively filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and a claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381

et seq. Specifically, Plaintiff claimed that she became disabled on September 6, 2014, due to hepatitis c/treatment regime, and back, hip and neck conditions. (R. 220).

After being denied initially on December 5, 2014, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on November 8, 2016. (R. 33-62). In a decision dated December 19, 2016, the ALJ denied Plaintiff's request for benefits. (R. 15-32). The Appeals Council declined to review the ALJ's decision on May 15, 2017. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'"

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522, 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have

3

a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

### III. **The ALJ's Decision**

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since September 6, 2014. (R. 20). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had a severe impairment, specifically, chronic

obstructive pulmonary disease. (R. 20). The ALJ further concluded that Plaintiff's impairment did not meet any of the listings that would satisfy Step Three. (R. 23).

The ALJ next found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; she could never climb ladders and scaffolds; and she could never be exposed to unprotected heights, moving machinery, motor vehicle operation, humidity, wetness, fumes, odors, gases, dust and pulmonary irritants, extreme cold and heat. (R. 23). At Step Four, the ALJ found that Plaintiff was unable to perform any past relevant work, and he moved on to Step Five. (R. 26). The ALJ then questioned a vocational expert ("VE") in an attempt to determine whether Plaintiff had transferrable job skills from her past work and whether a significant number of jobs existed in the national economy that Plaintiff could perform. Relying on the VE's testimony, the ALJ concluded that Plaintiff was not disabled. (R. 27-28).

**IV.  Legal Analysis**

While the Court does not fully agree with Plaintiff's specific contention as to how the ALJ erred in finding her to be not disabled, it does agree that remand is warranted in this case. Specifically, because the Court finds that the ALJ did not clearly explain his reasoning at Step 5 of the sequential analysis—largely because of his confusing questioning of the VE at the administrative hearing—the Court cannot find that the ALJ's decision is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

As discussed, supra, at Step 5 of the sequential analysis, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R.

§§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Further, the Commissioner has promulgated the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (the "Grids"), to assist in determining whether a claimant is disabled. The Grids reflect the analysis of various considerations, including the claimant's physical abilities, age, education, and work experience, and direct a finding of disabled or not disabled based on the combination of these factors.

In this case, once the ALJ determined that Plaintiff (first as a person "of advanced age" and then later as a person "closely approaching retirement age") was limited to light work, Grid Rule 202.06 indicated that she should automatically be deemed disabled unless she had transferable skills from her past work. See 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4). Thus, the ALJ should have first determined whether Plaintiff was considered automatically disabled under the Grids—by finding out if Plaintiff had transferable skills from her past work—before moving on to a wider inquiry as to whether certain jobs existed for a person with Plaintiff's RFC, age, education, and past work experience.

However, at the administrative hearing, the ALJ began his questioning of the VE by presenting a hypothetical individual of Plaintiff's age, education, and job background, with additional limitations, and asking whether jobs at various exertion levels existed in the national economy which such an individual could have done. (R. 56-58). After the VE responded, the ALJ then backtracked in order to verify that such a hypothetical person could not have done past relevant work, and in order to inquire whether there were skills that Plaintiff had acquired in her past jobs that would readily have transferred to a light RFC with little training (thus taking Plaintiff out of analysis under the Grids). (R. 58-59). Rather than responding with a list of such transferable skills, however, the VE provided an example of one specific job that he believed a person with Plaintiff's occupational background (but not necessarily Plaintiff's RFC) could have

6

done, that of first aid nurse. (R. 59). When asked again by the ALJ to describe actual skills that would transfer, the VE described the position of first aid nurse in greater detail, but did not clearly answer the ALJ's question about general transferable skills. (R. 59). Moreover, in support of his conclusion regarding Plaintiff's non-disability, the ALJ stated that the VE had provided the job of first aid nurse as an occupation that an individual with the same age, education, past relevant work experience, and RFC, and which requires skills acquired in Plaintiff's past relevant work, could have performed. (R. 27). This statement, however, is not an accurate characterization of the VE's testimony since that job did not specifically take into account Plaintiff's RFC.

In any event, the Court finds that the ALJ's questioning of the VE, and his decision's analysis at Step 5, are sufficiently confusing and disjointed to require remand. Before jumping ahead to hypothetical questions about jobs generally available to an individual of Plaintiff's age, education, job background and RFC, the ALJ should have clearly explained why Plaintiff—a person of advanced age, and later closely approaching retirement age, who is limited to no more than light work—was not deemed disabled under the Grids. Quite simply, if the VE had stated that Plaintiff did not have skills that were transferable to skilled or semiskilled light work similar to her previous work, such that she would need to make very little vocational adjustment, then Plaintiff would have been adjudged to be disabled under the Grids, and the analysis would have ended. On the other hand, if the VE had clearly explained that Plaintiff did have certain transferable skills, then Plaintiff would not have been considered disabled under the Grids, and the ALJ's analysis would have appropriately switched from Grid consideration to examination of Plaintiff's age, education, job background, and RFC, and whether jobs exist in the national economy that an individual in Plaintiff's position could do.

7

The Court thus finds that the ALJ's analysis at Step 5 is insufficient in this case. The Court also finds that the ALJ's unclear explanation calls into question the appropriateness of his disability finding, and the decision issued by the ALJ is, therefore, not supported by substantial evidence. Thus, remand is required to allow for clearer discussion at Step 5 of the sequential analysis. Additionally, the ALJ should, of course, ensure that proper weight be accorded to the various opinion and medical evidence presented in the record, and he should verify that his conclusions concerning Plaintiff's RFC are fully explained, in order to eliminate the need for any future remand.

**V.     Conclusion**

In short, because the ALJ failed to clearly and logically proceed through his reasoning at Step 5 of the sequential analysis, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch<br>
United States District Judge

ecf:          Counsel of record